IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                        :        CASE NO. 09-07655
                                              :
NIVEA V. PEREZ MUJICA                         :        CHAPTER 13
                                              :
         Debtor                               :
                                              :
_____              :
                                              :
NIVEA V. PEREZ MUJICA                         :        ADVERSARY NO. 10-00024
                                              :
         Plaintiff                            :
                                              :
vs.                                           :
                                              :
FIRSTBANK PUERTO RICO                         :
                                              :
         Defendant                            :
                                              :
_____              :

OPINION AND ORDER

This adversary proceeding is before the court upon the motion for summary judgment filed on November 2, 2010 by Nivea V.  Pérez Mujica (hereinafter referred to as "Debtor" or "Plaintiff") (Docket No. 29).  Plaintiff argues that FirstBank Puerto Rico (hereinafter referred to as "FirstBank" or Defendant") does not have a mortgage lien over its real property and thus, is not a secured creditor. Debtor's basis for her argument is that the mortgage lien over the real property in controversy, which was presented to the Property Registrar prior to Debtor's filing of the bankruptcy petition, but was unrecorded at the time of the bankruptcy filing, will never be able to be recorded by the Property Registrar because it fails to satisfy Article 57 of the Mortgage Law of Puerto Rico, 30 L.P.R.A. §2260, given that there is a missing link in its chain of titleholders ("falta de tracto") because a prior deed of purchase related to this property was notified to the Public Notary due to errors contained in said deed and the same was never corrected. Thus, the net result is that FirstBank is an unsecured creditor since Debtor is not the registered title owner of the real property and is unable to encumber the real property. Debtor also argues that FirstBank's mortgage deed fails to satisfy the requirements of Article 188 of the Mortgage Law of Puerto Rico Mortgage Law, 30 L.P.R.A. §2607, since the same

was not registered at the time of Debtor's bankruptcy filing.

On December 10, 2010, FirstBank filed its opposition to Debtor's motion for summary judgment and cross motion for summary judgment, arguing that; (i) Sections 362(b)(3) and 546(b)(1)(A) of the Bankruptcy Code creates an exception to the automatic stay for "any act to perfect, or to maintain or continue the perfection of, an interest in property to the extent that the trustee's rights and powers are subject to such perfection under Section 546(b)" of the Bankruptcy Code, allowing for the post-petition perfection of mortgage liens or the maintenance or continuation of perfection of an interest in property that were properly presented to the Property Registrar before the filing of the bankruptcy petition; and (ii) Article 53 of the Puerto Rico Mortgage Law, 30 L.P.R.A. §2256, is the applicable State statute which contains a relation-back mechanism which provides that a mortgage lien becomes effective against third parties from the date the mortgage deed was presented before the Property Registry, despite its registration at a later date (Docket No. 34).

Subsequently, Debtor on March 12, 2011, filed her Reply to Motion for Summary Judgment and Opposition to Cross-Motion for Summary Judgment and to Request for Leave to Conclude Perfection of Secured Claim (Docket No. 42). On March 14, 2011, FirstBank filed its Motion to Strike Plaintiff's "Reply to Motion for Summary Judgment and Opposition to Cross-Motion for Summary Judgment and to Request for Leave to Conclude Perfection of Secured Claim" (Docket No. 43). For the reasons set forth below Plaintiff's motion for summary judgment is granted and FirstBank's cross motion for summary judgment is denied.

Facts and Procedural Background

Plaintiff filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code on September 12, 2009. The 341 meeting of creditors was scheduled for October 22, 2009 (Docket No. 5 in lead case No. 09-07655) and was subsequently continued and finalized on December 4, 2009, (Docket Nos. 17 & 25 in lead case). Debtor included in her Schedule A- Real Property, her 50% interest in the real property (residence) and described the same as;

"½ interest over residence located at Bo. Jimenez, Road 967 Km. 7.8, Rio Grande, PR 00745. Description: 3 bedrooms, 2 bathrooms, living room, dining room & kitchen. Bought in 2004 at price of $130,000.00. Debtor has not been able to register her title. The previous owner, who sold the property to Debtor and Debtor's companion, were not able to register their own title. Thus, Debtor's purchase deed was not registered in the registry due to problems with the

'tracto' or the sequence in title. This has affected the value of the property. Debtor has appraised the property in $90,000. Debtor's participation is half of this." (Docket No. 1 in lead case).

On September 24, 2009, FirstBank filed proof of claim No. 4-1 for a secured claim based on a mortgage note and deed in the amount of $145,192.83 of which $23,473.02 was allocated to arrearages and other charges. Included in proof of claim number 4-1 are the mortgage note and the corresponding mortgage deed.

On February 17, 2010, Plaintiff filed the instant adversary proceeding challenging the secured nature of FirstBank's claim by alleging the following: (i) "[t]he deed of purchase in which the previous owners, Miguel Antonio Santiago Soto and Yadel Marie Aquino Santiago, purchased this property, was not registered and the 'asiento de presentación' lapsed. Consequently, debtor is not the registered title owner of the property and the mortgage deed between debtor and Pan American/FirstBank cannot gain access to the registry because of lack of 'tract' for this property. See Article 57 of Puerto Rico Mortgage Law, 30 L.P.R.A. §2260;" and (ii) "[a]t the time of the filing of the petition by debtor, the property was not encumbered by the mortgage deed in favor of FirstBank. The mortgage deed had not been registered and accordingly, under applicable Puerto Rico Mortgage Law, FirstBank does not hold a secured lien. 30 L.P.R.A. §2607." (Docket No. 1, pg. 5). On June 18, 2010, Defendant filed its answer to the complaint (Docket No. 18). On November 1, 2010, Debtor filed a motion for summary judgment based on the two (2) arguments summarized above. On November 2, 2010 a status conference was held in which the court granted FirstBank thirty (30) days to oppose the motion for summary judgment and twenty (20) days for replies. The pre-trial hearing was continued without a date and per the Chapter 13 Trustee request, FirstBank must address issue of state court judgment entered in its favor and against Debtor and whether the same affects in any way the motion for summary judgment and FirstBank's secured status (Docket Nos. 30 & 33). On November 5, 2010, Plaintiff filed a motion submitting documents including a title study of parcel #1714, which is the original parcel from which lot #13 (Debtor's real property) was to be segregated, dated October 29, 2010 (Docket No. 31). Subsequently, FirstBank filed its opposition to the motion for summary judgment and cross-motion for summary judgment and request for leave to conclude

perfection of secured claim, by which it presented the following arguments: (i) Sections 362(b)(3) and 546(b)(1)(A) of the Bankruptcy Code creates an exception to the automatic stay for "any act to perfect, or to maintain or continue the perfection of, an interest in property to the extent that the trustee's rights and powers are subject to such perfection under Section 546(b)" of the Bankruptcy Code, thus allowing for the post-petition perfection of mortgage liens or the maintenance or continuation of perfection of an interest in property that were properly presented to the Property Registrar before the filing of the bankruptcy petition; (ii) FirstBank's mortgage deed was timely and properly presented to the Property Registrar before the filing of Debtor's bankruptcy petition, guaranteeing its secured status, thus it must be allowed to conclude efforts to complete perfection of its security interests over the real property; (iii) Article 53 of the Puerto Rico Mortgage Law, 30 L.P.R.A. §2256, is the applicable State statute which contains a relation-back mechanism which provides that a mortgage lien becomes effective against third parties from the date the mortgage deed was presented before the Property Registry, despite its registration at a later date; (iv) the United States District Court for the District of Puerto Rico in Soto Rios v. Banco Popular, Civil No. 10-1023(JAG) Docket No. 6, analyzed Section 546(b)(1)(A) and held that, (a) "a creditor who files its mortgage deed prior to the filing date of the bankruptcy petition (such as FirstBank) has a valid property interest which may be perfected during the bankruptcy proceedings, and therefore not subject to debtor's avoidance efforts;" and (b) "Section 546(b) was enacted with the intent to protect, in spite of the surprise intervention of a bankruptcy petition, those whom state law protects by allowing them to perfect their liens or interests as of an effective date that is earlier than the date of perfection;" (v) "[n]otwithstanding Debtor's arguments with respect to existing defects in prior documents presented, Sections 362(b)(3) and 546(b)(1)(A) allow FirstBank to take all corrective measures required in order to ensure the maintenance and continuation of perfection of its mortgage lien during the present bankruptcy proceedings. The Mortgage Law of Puerto Rico, in turn, provides all of the necessary mechanisms that enable FirstBank to achieve said task;" and (vi) "FirstBank obtained a judgment against Debtor, among other parties, on May 13, 2009, entered by the Court of First Instance, Rio Grande Part. Said Court, however, reserved its right to pronounce itself with respect to FirstBank's right to foreclose upon the property, until it submits evidence that the mortgage lien is duly recorded

before the Registry. Given that FirstBank's claim must be deemed secured as argued above, the Judgment has no effect upon FirstBank's secured status (Docket No. 34).

On February 21, 2011, FirstBank filed a motion for adjudication of pending motions for summary judgment requesting this court to adjudicate the pending motions and to deny any further requests for extensions of time or replies to be filed by Debtor (Docket No. 39).  On February 22, 2011, Debtor filed an opposition to FirstBank's motion requesting entry of order for adjudication of pending motions for summary judgment and requesting a second extension of time by which Debtor explains that she failed to file her reply to FirstBank's opposition nor timely requested an additional extension of time because she believed that she had 45 days from the date of entry of the court order (January 26, 2011, Docket No. 37) to file said reply (until March 12, 2011) rather than 45 days from the date of the motion requesting said extension of time (December 30, 2011, Docket No. 35). Debtor requests a second extension of time to file her reply based on the "excusable neglect" standard pursuant to Fed. R. Civ. P. 6(b)(1)(B) because her failure to file a reply was not premised upon bad faith and the same did not prejudice the opposing party (Docket No. 40). On February 22, 2011, Firstbank filed its reply to Debtor's Opposition to Motion Requesting Entry of Order for Adjudication of Pending Motions for Summary Judgment and Requesting Second Extension of Time, by which it argues that Plaintiff's erroneous belief regarding the due date of her reply is unwarranted and unsupported by applicable rules, namely P.R. LBR 1001-1(b) and L.Cv.R. 6 (D.P.R. 2009) (Docket No. 41). On March 12, 2011, Debtor filed her Reply to Opposition to Motion for Summary Judgment and Opposition to Cross-Motion for Summary Judgment and to Request Leave to Conclude Perfection of Secured Claim (Docket No. 42). On March 14, 2011, FirstBank filed a motion to strike Plaintiff's "Reply to Opposition to Motion for Summary Judgment and Opposition to Cross-Motion for Summary Judgment and to Request for Leave to Conclude Perfection of Secured Claim" because the same was filed almost one month after Plaintiff's request for time extension had lapsed (Docket No. 43).

Plaintiff's objection to the secured status of FirstBank's mortgage claim hinges on whether FirstBank's unrecorded mortgage lien meets the necessary requirements under the exception to the automatic stay provided under Sections 362(b)(3) and 546(b)(1)(A) of the Bankruptcy Code which

allows the post-petition registration of the mortgage lien subject to satisfying certain requirements which will be discussed herein.

Uncontested Material Facts

1. Plaintiff is the co-owner of a residential real property built in a lot of 1.0265 "cuerdas," located in Barrio Zarzal, in the Municipality of Rio Grande, Puerto Rico.

2. On June 14, 1993, deed #21, was executed before Notary Public Salvador Pérez Mayol and presented before the Property Registry, Section III of Carolina on April 10, 1996. The purpose of the same was (a) to adjudicate property interest originating from a division of estate property amongst various heirs; (b) to segregate various lots from parcel #1714, including lot #13 which corresponds to Debtor's real property; and (c) for the rectification of size of real properties. This deed was notified as defective on November 30, 2005 by the Property Registrar and the same expired uncorrected on January 31, 2006 (Docket No. 34, Exhibit I, Copy of Title Study dated October 29, 2010 and Docket No. 29, Exhibit Title Study dated February 13, 2008).

3. On March 20, 1999 deed #9 was executed before Notary Public Sonia Ríos Rosario and presented before the Property Registry on March 25, 1999.  Through this particular deed four (4) heirs (Milagros Feliciano Pinto, Mildred Feliciano Pinto, Eliezer Feliciano Pinto and Edwin Feliciano Pinto) sold each their 25% *pro indiviso* property interest in lot #13 to Miguel Antonio Santiago Soto and Yadel Marie Aquino Santiago. This deed was notified on November 30, 2005 (Docket No. 34, Exhibit I, Copy of Title Study dated October 29, 2010 and Docket No. 29, Exhibit Title Study dated February 13, 2008).

4. On November 24, 2004 deed # 196 was executed before Public Notary Pedro Rivera Pérez, by which Miguel Santiago Soto and Yadel Marie Aquino Santiago sold lot #13 to Debtor Nivea V. Pérez Mujica and Francisco Núñez Muñoz.  This particular deed was presented before the Property Registry on August 23, 2006. Said deed has not been notified by the Property Registry.

5. On November 24, 2004, Debtor and Francisco Núñez Muñoz executed a mortgage note in the amount of $126,100.00 in favor of Pan American Financial Corporation (Docket No. 34, Exhibit II).

6. On November 24, 2004, mortgage deed #197 was executed between Debtor Nivea V. Pérez Mujica and Francisco Núñez Muñoz and Pan American Financial Corporation before Notary Public Pedro Rivera Pérez to guarantee payment of the mortgage note. Said mortgage deed was presented before the Property Registry on August 23, 2006 and it has not been notified by the Property Registry (Docket No. 34, Exhibit I, Copy of Title Study dated October 29, 2010 and Docket No. 29, Exhibit Title Study dated February 13, 2008).

7. FirstBank acquired the $126,100.00 mortgage note executed in favor of Pan American Financial Corporation and is currently Debtor's creditor as evidenced by the above-referenced mortgage note with endorsement (Docket No. 34, Exhibit 4).

8. FirstBank filed a complaint against Debtor at the Court of First Instance, Río Grande Part, and obtained judgment against Debtor on May 13, 2009 (Docket No. 34, Exhibit 5-Copy of Judgment).

9. The referenced mortgage deed had not been recorded at the time of the filing of Debtor's bankruptcy petition.

*Standard for Summary Judgment*

Rule 56 of the Federal Rules of Civil Procedure, is applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure, provides that summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Bankr. P. 7056; *see also*, In re Colarusso, 382 F.3d 51 (1st Cir. 2004), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

"The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law is involved." 10A Wright, Miller & Kane, Federal Practice and Procedure 3d§ 2712 at 198. "Rule 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried." Id at 202-203. Summary judgment is not a substitute for a trial of disputed facts; the court may only determine

whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain. Id at 205-206.

Summary judgment is warranted where, after adequate time for discovery and upon motion, a party fails to make a showing sufficient to establish the existence of an element essential to its case and upon which it carries the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

For there to be a "genuine" issue, facts which are supported by substantial evidence must be in dispute thereby requiring deference to the finder of fact. Furthermore, the disputed facts must be "material" or determinative of the outcome of the litigation. Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975), cert. denied, 425 U.S. 904 (1976). When considering a petition for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464, 473 (1962); Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988).

The moving party invariably bears both the initial as well as the ultimate burden in demonstrating its legal entitlement to summary judgment. Adickes v. Kress & Co., 398 U.S. 144, 157 (1970). See also López v. Corporación Azucarera de Puerto Rico, 938 F.2d 1510, 1516 (1st Cir. 1991). It is essential that the moving party explain its reasons for concluding that the record does not contain any genuine issue of material fact in addition to making a showing of support for those claims for which it bears the burden of trial. Bias v. Advantage International, Inc., 905 F.2d 1558, 1560-61 (D.C. Cir. 1990), cert. denied, 498 U.S. 958 (1990).

The moving party cannot prevail if any essential element of its claim or defense requires trial. López, 938 F.2d at 1516. In addition, the moving party is required to demonstrate that there is an absence of evidence supporting the nonmoving party's case. Celotex, 477 U.S. at 325. See also, Prokey v. Watkins, 942 F.2d 67, 72 (1st Cir. 1991); Daury, 842 F.2d at 11. In its opposition, the nonmoving party must show genuine issues of material facts precluding summary judgment; the existence of some factual dispute does not defeat summary judgment. Kennedy v. Josepthal & Co., Inc., 814 F.2d 798, 804 (1st Cir. 1987). See also Kauffman v. Puerto Rico Telephone Co., 841 F.2d

8

1169, 1172 (1st Cir. 1988); Hahn, 523 F.2d at 464.  A party may not rely upon bare allegations to create a factual dispute but is required to point to specific facts contained in affidavits, depositions and other supporting documents which, if established at trial, could lead to a finding for the nonmoving party. Over the Road Drivers, Inc. v. Transport Insurance Co., 637 F.2d 816, 818 (1st Cir. 1980).

The moving party has the burden to establish that it is entitled to summary judgment; no defense is required where an insufficient showing is made. López, 938 F.2d at 1517. The nonmoving party need only oppose a summary judgment motion once the moving party has met its burden. Adickes, 398 U.S. at 159.

Applicable Law and Analysis

*Automatic Stay under 11 U.S.C. §362(a)*

The automatic stay provision is one of the fundamental debtor protections in the Bankruptcy Code. It gives the debtor a "breathing spell" from creditors and it stops all collection efforts, all harassment, and all foreclosure actions. H.R. Rep. No. 95-595, 95th Cong. 1st Sess. 340-342 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 54-55 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5840, 6296-97. "It allows the debtor to attempt a repayment or reorganization plan or simply be relieved of the financial pressures that drove him into bankruptcy." Id.  The automatic stay prohibits "any act to create, perfect, or enforce any lien against property of the estate." 11 U. S.C. §362(a)(4).  Despite the fundamental importance of the automatic stay, Congress has allowed certain exceptions to the automatic stay, such as those included under Section 362(b) of the Bankruptcy Code. See 229 Main St. Ltd. Pshp. v. Mass. EPA (In re 229 Main St.), 262 F. 3d 1, 3-4 (1st Cir. 2001).

*Exception to Automatic Stay under 11 U.S.C. §362(b)(3)*

Section 362(b)(3) of the Bankruptcy Code provides an exception to the automatic stay, under subsection (a) of Section 362 of the Bankruptcy Code by allowing, "any act to perfect, or to maintain or continue the perfection of, an interest in property to the extent that the trustee's rights and powers are subject to such perfection under Section 546(b) of this title." 11 U.S.C. §362(b)(3).  "Section 362(b)(3) does not authorize the creation of new rights or interests for the creditor. Instead, it merely permits perfection, or maintenance or continuation of perfection, free of the automatic stay that would

9

otherwise be applicable, under circumstances in which the creditor's action would be effective against a trustee." Alan N. Resnick & Henry J. Sommer, 5 Collier on Bankruptcy ¶362.05[4] (16th ed. 2011). To qualify for this particular exception to the automatic stay, a creditor must satisfy the following three (3) requirements: (i) an act to perfect; (ii) an interest in property; and (3) under the circumstances in which the perfection-authorizing statute fits within the parameters of Section 546(b) of the Bankruptcy Code. In re 229 Main St., 262 F. 3d at 5. Thus, Section 362(b)(3) depends on the limitations imposed on the trustee's avoiding powers pursuant to Section 546(b) of the Bankruptcy Code. The purpose behind Section 546(b)(1) is to "protect, in spite of the surprise intervention of a bankruptcy petition, those whom State law protects by allowing them to perfect their liens as of an effective date that is earlier than the date of perfection." Alan N. Resnick & Henry J. Sommer, 5 Collier on Bankruptcy ¶546.03[1] (16th ed. 2011) quoting S. Rep. No. 989, 95th Cong., 2d Sess. 86-87 (1978), reprinted in App. Pt. 4(e)(I) infra; H.R. Rep. No. 595, 95th Cong., 1st Sess. 371-371 (1977) reprinted in App. Pt. 4(d)(i) infra.

Section 546(b)(1) exempts from the trustee's avoiding powers under Sections 544, 545 and 549 of the Bankruptcy Code "any generally applicable law that permits the perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of perfection; or provides for the maintenance or continuation of perfection of an interest in property to be effective against an entity that acquires rights in such property before the date on which action is taken to effect such maintenance or continuation." 11 U.S.C. §§546(b)(1)(A) & 546(b)(1)(B). "Thus, simply stated, if a creditor possesses a prepetition interest in property, and state law establishes a time period for perfection of a lien based upon that interest, the 'lien does not lose its preferred standing by reason of the fact that it [is] not perfected until after the commencement of a bankruptcy' so long as it is perfected within the time period established by state law." Lincoln Sav. Bank, FSB v. Suffolk County Treasurer (In re Parr Meadows Racing Ass'n), 880 F. 2d 1540, 1546 (2d Cir. 1989), *cert. denied*, 493 U.S. 1058, 110 S. Ct. 869, 107 L. Ed. 2d 953 (1990) (quoting Poly Industries, Inc. v. Mozley, 362 F. 2d 453, 457 (9th Cir. 1966)). A creditor must satisfy the following requirements for

Section 546(b)(1) to be applicable: (i) it must act pursuant to the law of general applicability[1]; (ii) the law must permit the creditor to perfect an interest in property; and (iii) such perfection must be effective against previously acquired rights in the property. In re 229 Main St., 262 F. 3d at 9. Moreover, the "gist of section 546(b)(1)(A) is that 'the filing of a bankruptcy petition does not prevent the holder of an interest in property from perfecting its interest if, absent the bankruptcy filing, the interest holder could have perfected its interest against an entity acquiring rights in the property before the date of perfection.'" In re 229 Main St., 262 F. 3d at 12 (quoting 5 Collier on Bankruptcy ¶546.03[2][a]).

One of the requirements that must be satisfied under both Sections 362(b)(3) and 546(b)(1) is whether FirstBank had a prepetition property interest in the above referenced real property. FistBank argues that it acquired a pre-petition property interest in Debtor's real property when it acquired the loan from Pan American Financial Corporation, which is evidenced by Debtor's execution of a mortgage note and a mortgage deed approximately seven (7) years prior to Debtor's filing her bankruptcy petition. Debtor recognizes these facts and does not object to the allegation that FirstBank complies with the requirement of a pre-petition property interest pursuant to Section 362(b)(3) (Docket No. 42, pg. 8).  This court in Soto Rios v. Banco Popular de P.R. (In re Soto Rios), 420 B.R. 57 (Bankr. D.P.R. 2009) aff'd, No. 10-01023 (D. P.R. 2010) analyzed a mortgage creditor's pre-petition property interest in three (3) real estate properties for which mortgage deeds had been presented to the Property Registrar prior to Debtor's bankruptcy filing and held that, "[c]reditor's pre-petition property interest in the real properties is based on taking all possible administrative steps (presenting the mortgage deeds to the corresponding Registrar of properties well over two and a half years prior to Debtors' filing of their bankruptcy petition) in order for its property interest to be duly recorded by the Property Registrar so that their mortgage liens could become effective from the date

---

[1] Usually the law of general applicability is state law but federal law may also apply. Alan N. Resnick & Henry J. Sommer, 5 Collier on Bankruptcy ¶546.03[2][c](15th ed. 2009).

the mortgage deeds were presented to the Property Registry pursuant to Article 53[2] of the Mortgage Law of Puerto Rico, 30 L.P.R.A. §2256" In re Soto Rios at 69. In the instant case the mortgage creditor, presented the mortgage deed to the Property Registry on August 23, 2006[3]. However, according to a title study dated February 13, 2008 submitted by Debtor, prior to the date of presentation of the above referenced mortgage deed; namely, August 23, 2006, the Property Registrar on November 30, 2005 notified errors regarding public deed #21 (further described in Uncontested Material Fact #2) which had been presented to the Property Registrar on April 10, 1996. This particular entry ("asiento") lapsed on January 31, 2006, because the same was not corrected (Docket No. 29, Exhibit Title Study and Certification by Property Registry). Article 52 of the Mortgage Law provides;

"[t]he documents shall be registered within sixty (60) days following their presentation, or after correcting any errors that may have been indicated, or after filing the requalification writ, except for just cause that is duly justified and admitted by the Director. Within the same term the errors shall be notified and action shall be taken regarding the defective titles pursuant to §2272 of this title.
The term of the entry of presentation shall expire sixty (60) days from the indicated defect of the document presented. Nevertheless, said term shall be interrupted when any of the following situations occur within said term:
1st. The notified defect is corrected as provided in §2272[4] of this title;

---

[2] Article 53 of the Puerto Rico Mortgage Law provides, "[r]egistered titles become effective for third parties from the date of their registration. For all intents and purposes, the registration date, including the determination of the term needed for cancellation of entries must appear in the registration itself. In order to determine preference between two or more registrations of the same property, attention shall be given to the date, hour and presentation number of the respective titles in the Registry." 30 L.P.R.A. §2256.

[3] The court notes that it does not appear from FirstBank's uncontested material facts the date when FirstBank bought from Pan American Financial Corporation the mortgage note with endorsement (Docket No. 34, Exhibit 4), thus it is unable to ascertain whether it was Pan American Financial Corporation or FirstBank who presented the mortgage deed to the Property Registry.

[4] Article 69 of the Puerto Rico Mortgage Law provides in pertinent part, "[i]f the Registrar finds a defect in the document, exclusively in accordance with §2271 of this title, he/she shall notify the presenters and the authorizing notary, in writing, of his/her judgment, if it is so requested in the entry, within sixty (60) days of the date of said entry, either by hand delivery or by mail, or electronically, so that they may correct the defect within a period of sixty (60) days from the date of the notice. If more than one notice were made, the term shall start counting after the last one made to the notary.

2nd. The reconsideration petition provided in §2273 of this title is filed with the Registrar;

3rd. A sixty (60) day cautionary notice is made, as provided in §2274 of this title;

4th. There is an administrative appeal, as provided in §2279 of this title.

The Registrar shall enter an interruption of term, as well as its expiration date, with a dated note in the margin of the presentation entry in the Day Book or the electronic system of presentation." 30 L.P.R.A. §2255.

The court concludes that the mortgage creditor had a pre-petition property interest, but had knowledge of the expiration of the registry entry for deed #21( described in Uncontested Material Fact #2) due to the public nature of the information in the Property Registry. See 30 L.P.R.A. §§2101 & 2051.

The second requirement for the exception of the automatic stay under Section 362(b)(3) is "any act to perfect, or to maintain or continue the perfection, of an interest in property." The United States Court of Appeals for the First Circuit In re 229 Main St. held that, "section 362(b)(3) says that the filing of a bankruptcy petition does not automatically stay an act to perfect, the simultaneous postpetition creation and perfection of a lien may come within the pertinent exception to the automatic stay so long as the creditor holds a valid prepetition interest in the property." In re 229 Main St, 262 F. 3d at 9.

Under the laws of Puerto Rico, mortgages are constitutive in nature, meaning that for the same to be validly constituted, the instrument in which it is created must be duly entered in the Property Registry. See Article 1774 of the Puerto Rico Civil Code , 31 L.P.R.A. §5042; Article 188 of the Puerto Rico Mortgage Law, 30 L.P.R.A. §2607. "It is a well known fact that, except for a mortgage title, art. 1774 of the Civil Code, 31 L.P.R.A. §5042, or a title subject to the provisions of the Horizontal Property Act, 31 L.P.R.A. §1291, the recording with the Registrar of Property is merely declarative and it is not a source of rights." Marin v. Montijo, 109 D.P.R. 268 (1979), 9 P.R. Offic. Trans. 351, (1979). Thus, for mortgages, "recordation is a constitutive act through which the security

---

The notice must contain all the legal grounds on which the judgment is based. The notice shall be recorded with a dated notation in the presentation entry and at the bottom of the document being notified with the signature of the Registrar and, when this is done, it shall be valid.

If the defect is not corrected before the expiration of the sixty (60) day period, the Registrar shall make a note of the expiration in the presentation entry and at the bottom of the document." 30 L.P.R.A. §2272.

produces real effects and becomes operative *erga omnes* in the sphere of real rights."Rosario Perez v. Registrar, 115 D.P.R. 491 (1984), 15 P.R. Offic. Trans. 644, 648 (1984). In the instant case, unlike the case of In re Soto Rios, 420 B.R. 57, the title study shows that the registry entry for deed #21, which was presented before the Property Registry for inscription, was notified as defective on November 30, 2005 and the same expired on January 31, 2006. Deed #21 was executed (a) to adjudicate property interest originating from a division of estate property amongst various heirs; (b) to segregate various lots from parcel #1714, including lot #13 which corresponds to Debtor's real property; and (c) for the rectification of size of real properties. The expiration of this entry under Article 57 of the Puerto Rico Mortgage Law, 30 L.P.R.A. §2260,  creates a missing link in the successive tract or chain of title holders for this particular lot #13, which was segregated from parcel #1714 through deed #21.

Article 57 of the Mortgage Law provides;

"[i]n order to record documents that declare, convey, encumber, modify or extinguish dominion and other real rights on real property, the right of the person who grants them or in whose name the referred transaction or contracts are granted must appear previously recorded. Registration shall be refused if the right is recorded in the name of a person other than the one who is granting the conveyance or lien. However, resolutions and judgments referred to in §§2761-2777 of this title may be recorded without the previous registration requirement." 30 L.P.R.A. §2260.

The Puerto Rico Mortgage Law mandates that our real estate registry system be "predicated on the certainty and correction of its entries. Registry entries must be complete and clear as possible. This prevents confusion and errors." Rosado Collazo v. Registrador, 118 D.P.R. 577, 584, (1987) 18 P.R. Offic. Trans. 670, 676 (1987). The concept of prior registration pursuant to Puerto Rico Mortgage Law requires that the right of the person executing the conveyance or lien be previously recorded. See Chase Manhattan Bank, N.A. v. Registrador, 136 D.P.R. 650, 660-661 (1994); Aponte v. Registrador, 115 D.P.R. 699 (1984), 15 P.R. Offic. Trans. 920, 922 (1984). "Prior recordation must refer to the right of the person who is the record owner according to the recordable title. This circumstance demands a perfect objective identity between that which results from the title and the recordation, in the same manner that, in the subjective aspect, successive performance requires a perfect identity between the recorded titleholder and the person who must be so according to the title. The objective identity refers to the recorded right and to the farm–or  right–on which it falls. With regard to the

14

right, it must be the same one involved in the recordable title and its essential circumstances must be the same, especially those which may affect its extent, duration–in its case–and very specially, the titleholder's dispositive powers." Aponte v. Registrador, 115 D.P.R. 699 (1984) citing II A. Sanz Fernández, Instituciones de derecho hipotecario 99, Madrid, Ed. Reus (1953), 15 P.R. Offic. Trans. 920, 922 (1984).

In the instant case, it is an uncontested fact that deed #21 was notified due to errors and the entry lapsed. Moreover, the title study dated October 29, 2010 (Docket Nos. 31 & 34, Exhibit I) clearly indicated that the document (deed #21 which was presented to the Property Registry on April 10, 1996) which provided the chain of title for a prior deed, that is deed #9, which was presented to the Registry on March 25, 1999, expired. According to the title study, it is through deed #9, that four (4) heirs (Milagros Feliciano Pinto, Mildred Feliciano Pinto, Eliezer Feliciano Pinto and Edwin Feliciano Pinto) sold each their 25% *pro indiviso* property interest in lot #13 (Debtor's real estate property in the instant case) to Miguel Antonio Santiago Soto and Yadel Marie Aquino Santiago. Moroever, Article 105 of the Puerto Rico Mortgage Law, 30 L.P.R.A. §2355, provides in pertinent part that; "...the Registry shall be understood to be all standing entries relating to a property or right, that have not been extinguished as provided in §2451 of this title, which refer to the liens or rights that do not convey or encumber, in addition to the entry that gives notice to the right of the conveyor." 30 L.P.R.A. §2355. Thus, this court finds that at this point in time, parcel #1714 has an interrupted tract history which will prevent the Property Registrar from recording FirstBank's real estate mortgage on lot #13, thus impeding the simultaneous constitution and perfection of this mortgage, and relating the same back to the date it was presented for recordation (registration) to the Property Registrar pursuant to Article 53 of the Puerto Rico Mortgage Law, 30 L.P.R.A. §2256. Furthermore, at this point in time, Debtor's real property, has not been segregated from parcel #1714 nor has the property interest which originated from a division of estate property been adjudicated amongst the various heirs due to the fact that deed #21 expired and does not form part of the Registry for parcel #1714.

FirstBank's argument regarding the lack of successive tract or chain of titleholders is that, "[n]otwithstanding Debtor's arguments with respect to existing defects in prior documents presented,

Sections 362(b)(3) and 546(b)(1)(A) allow FirstBank to take all corrective measures required in order to ensure the maintenance and continuation of perfection of its mortgage lien during the present bankruptcy proceedings. The Mortgage Law of Puerto Rico, in turn, provides all of the necessary mechanisms that enable FirstBank to achieve said task" (Docket No. 34, pg. 14).

Propery Registrars must act in conformity with Article 64 of the Puerto Rico Mortgage Law which provides;

> "[r]egistrars shall have the responsibility of passing judgment on the legality of all kinds of documents by virtue of which an entry is requested. Said judgment shall include the extrinsic forms  of the documents presented, the competence of the grantors and the validity of the transactions and contracts contained in these documents. Registrars shall base their judgments on the transactions and contracts to be recorded, on the documents presented, the existing registry entries and the statutes. When judging documents subject to registration, Registrars are not empowered to evaluate the legality of the judgments or entries made by themselves or by their predecessors. These entries, as well as the transactions recorded, must be deemed valid until the courts declare them null and void.
> With respect to documents issued by Judicial Authority, said judgment shall be limited to:
> (1) The jurisdiction and competence of the court; the nature and effects of the decision handed down if it was rendered in the corresponding trial; and if the procedures and precepts essential to its validity were observed;
> (2) the extrinsic reliability of the documents presented, and
> (3) the Registry data." 30 L.P.R.A. §2267.

This court finds that in this particular case, the Property Registrar, in accordance with Article 69 of the Property Registry, 30 L.P.R.A. §2271, will have to deny registration of FirstBank's mortgage due to the lack of successive tract history and in conformity with Article 57 of the Puerto Rico Mortgage Law, 30 L.P.R.A. §2260, thus preventing the mortgage in controversy to relate back to the date it was presented for registration. This court finds that the mechanism which FirstBank will have to employ to correct the lack of successive tract for parcel #1714, is to correct the errors notified by the Property Registrar for deed #21 and to present to the Property Registry an amended or new deed pursuant to Article 72 of the Puerto Rico Mortgage Law, 30 L.P.R.A. §2275[5]. Once this amended or new deed

---

[5] Article 72 of the Puerto Rico Mortgage Law provides; "[i]n cases such as those outlined in the preceding sections, if the defects are corrected after the presentation entry has expired, a new entry shall be made which shall become effective from the date of the new entry.

When the defects which are grounds for the provisional notation are corrected within the time allotted, a new presentation shall be made to change the cautionary notice into a final registration which shall become effective on the date of the first presentation. In this case, entries of contradictory deeds made after the notation will be automatically cancelled.

has been presented to the Property Registry, the principle of *prior tempore potior iure* will apply, meaning first in time is preferred in right, thus this amended or new deed will be registered at a subsequent date than the mortgage deed since the same was presented to the Property Registry at a later time in conformity with Article 53 of the Puerto Rico Mortgage Law, 30 L.P.R.A. §2256. Thus, it follows that, FirstBank will also have to present its mortgage deed subsequent to the amended deed, given that a mortgage must be based on real estate which can be recorded and has been registered prior to the mortgage. See Article 157[6] of the Puerto Rico Mortgage Law, 30 L.P.R.A. §2553. In the instant case, the deed which lapsed (deed #21) is essential because it was through this deed that lot #13 (Debtor's real estate property) was segregated from parcel #1714. Consequently, lot #13 will not be registered as a different parcel until an amended or new deed has been presented to the Property Registry.

In view of the above, the court finds that FirstBank has failed to satisfy the specific requirement of "any act to perfect, or to maintain or continue the perfection, of an interest in property" pursuant to Section 362(b)(3). Thus, the court does not have to delve into the issue of whether FirstBank satisfies the requirements under Section 546(b)(1).

## Conclusion

For the reasons stated above, this court finds that the requirements of Section 362(b)(3) are not met, thus the exception to the automatic stay and the exception to the trustee's avoiding powers under Section 544(a) of the Bankruptcy Code are not applicable. Furthermore, the court concludes that FirstBank does not have a validly perfected lien subject to the relation back provisions because there is a missing link in the chain of titleholders ("falta de tracto") which appears from the information in the Property Registry regarding Debtor's real estate property.

---

Should the defects be corrected after the expiration of the cautionary notice, a new presentation shall be made which shall become effective on the date of the new entry." 30 L.P.R.A. §2275.

[6]Article 157 provides; "[t]he following may be mortgaged:
    1st. Real estate which can be recorded.
    2nd. Rights which may lawfully be recorded and conveyed that are imposed on the property itself." 30 L.P.R.A. §2553.

In view of the foregoing, Plaintiffs' motion for summary judgment is hereby GRANTED regarding the unsecured status of FirstBank's mortgage claim and Defendant's cross motion for summary judgment is hereby DENIED with respect to the exception to the automatic stay provided under Sections 362(b)(3) and 546(b)(1)(A) of the Bankruptcy Code.

Judgment shall be entered accordingly.

In San Juan, Puerto Rico, this 8th day of September 2011.

Enrique S. Lamoutte
United States Bankruptcy Court