IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 09-07655 |
| NIVEA V. PEREZ MUJICA | : | |
| Debtor | : | CHAPTER 13 |
| | : | |
| NIVEA V. PEREZ MUJICA | : | ADVERSARY NO. 10-00024 |
| Plaintiff | : | |
| vs. | : | |
| FIRSTBANK PUERTO RICO | : | |
| Defendant | : | |

OPINION AND ORDER

This case is before the court upon the *Motion for Reconsideration of Judgment Entered 10/26/11* (the "*Motion for Reconsideration*", Docket No. 48) filed by defendant FirstBank Puerto Rico ("FirstBank") of the *Judgment* entered in this adversary proceeding on October 26, 2011 (Docket No. 46)[1] in favor of Plaintiff regarding the unsecured status of FirstBank's mortgage claim and against Defendant denying its cross motion for summary judgment with respect to the claimed exception to the automatic stay under Sections 362(b)(3) and 546(b)(1)(A) of the Bankruptcy Code. For the reasons stated below the *Motion for Reconsideration* is here by denied.

*(A)     Procedural Standard for Motions for Reconsideration*

Motions to reconsider are not recognized by the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure in *haec verba*. See Jimenez v. Rodriguez (In re Rodriguez), 233 B.R. 212, 218-219 (Bankr. D.P.R. 1999), conf'd 17 Fed. Appx. 5 (1st Cir. 2001); Portugues-Santa v. B. Fernandez Hermanos, Inc., 614 F. Supp. 2d 221, 225 (D.P.R. 2009); Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991); Lavespere v. Niagara Mach. & Tool Works Inc., 910 F.2d 167, 173 (5th Cir. 1990), cert. denied 510 U.S. 859, abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1075-76 (5th Cir. 1994). Rather, federal courts have considered

---

[1] The *Opinion & Order* incorporated therein (Docket No. 44) was published at 457 B.R. 177 (Bankr. D.P.R. 2011).

motions so denominated as either a motion to "alter or amend" under Fed. R. Civ. P. 59(e) or a motion for relief from judgment under Fed. R. Civ. P. 60(b).  See Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir. 2009) (noting a motion for reconsideration implicated either Fed. R. Civ. Pro. 59(e) or 60(b)); Equity Security Holders' Committee v. Wedgestone Financial (In re Wedgestone Financial), 152 B.R. 786, 788 (D. Mass. 1993).  "These two rules are distinct; they serve different purposes and produce different consequences.  Which rule applies depends essentially on the time a motion is served.  If a motion is served within [fourteen][2] days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e).  If the motion is served after that time, it falls under Rule 60."  Van Skiver, 952 F.2d at 1243.  "Irrespective of how a party titles his motion, a post-judgment motion made within [fourteen][3] days of the entry of judgment that questions the correctness of a judgment is properly construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e)."  Global NAPs, Inc. v. Verizon New Eng., Inc., 489 F.3d 13, 25 (1st Cir. 2007).  Also see 12-59 Moore's Federal Practice - Civil § 59.30[7] (2012) ("Courts have generally held that, regardless of the title, any motion for reconsideration filed within the time specified by Rule 59(e) is treated as a motion to alter or amend judgment"); In re Weston Nurseries, Inc., 2008 Bankr. LEXIS 1437 at *7, 2008 WL 2003662 at * 2 (Bankr. D. Ma. 2008) ("Because of this issue of finality, a motion filed within [fourteen][4] days of the entry of an order or judgment that seeks trial court reconsideration or a new trial is treated as a motion under Rule 59 rather than Rule 60(b) regardless of its title."); United States v. Borden Fin. Corp., 164 B.R. 260, 263 (E.D.La. 1994) ("Regardless of the title of a motion, it is the substance of it which controls.")

In the instant case, FirstBank's *Motion for Reconsideration* was filed fourteen (14) days after the entry of the *Judgment* for which reconsideration is sought.  Compare Docket Nos. 46 & 48.  Though timely filed to be considered under Fed. R. Civ. P. 59, FirstBank seeks reconsideration under Fed. R. Bankr. P. 9024(Docket No. 48, p. 2), which makes Fed. R. Civ. P. 60 applicable to

---

[2] See the most recently amended version of Fed. R. Bankr. P. 9023.

[3] See the most recently amended version of Fed. R. Bankr. P. 9023.

[4] See the most recently amended version of Fed. R. Bankr. P. 9023.

bankruptcy cases. FirstBank's main argument for reconsideration that the *Judgment* [and the *Opinion & Order* incorporated therein (Docket Nos. 44 & 46)] constituted the "first time that this ... court has considered and established in writing the steps that FirstBank must take in order to perfect its lien" and that "because [the court's reasoning was] not previously available for analysis and discussion, it is essential for FirstBank to ... discuss the applicability of" certain statutes and regulations of Puerto Rico's Mortgage Law. *Motion for Reconsideration*, fn. 2 (Docket No. 48, p. 6). Following that premise, FirstBank seeks to set the *Judgment* aside arguing the applicability of Article 69.1 of Puerto Rico's General Regulations for the Implementation of the Mortgage and Property Registry Act, Regulation No. 2676, § 870.282 ("PR's Mortgage Regulation"), and compliance with the requirements established in Soto-Rios v. BPPR (In re Rios), 420 B.R. 57 (Bankr. D.P.R. 2009) aff'd 662 F.3d 112 (1st Circ. 2011), and Section 362(b)(3) of the Bankruptcy Code, and the recent case of Roberto Feliciano Alvarado v. RG Premier, 463 B.R. 200 (D.P.R. September 30, 2011). In view of the foregoing, and because FirstBank alleges an error of law, the *Motion for Reconsideration* will be examined under Fed. R. Civ. P. 59(e), made applicable here through Fed. R. Bank. P. 9023.

Fed. R. Civ. P. 59(e) authorizes the filing of a written motion to alter or amend a judgment after its entry. The motion must demonstrate the "reason why the court should reconsider its prior decision" and "must set forth facts or law of a strongly convincing nature" to induce the court to reverse its earlier decision. Jimenez v. Rodriguez (In re Rodriguez), 233 B.R. at 218. The movant "must either clearly establish a manifest error of law or must present newly discovered evidence". Id. at 218. The party cannot use a Fed. R. Civ. P. 59(e) motion to cure its own procedural failures or to introduce new evidence or advance arguments that could and should have been presented originally to the court. A party may not use this type of motion to raise novel legal theories that could have been addressed in first instance. Id. at 218. Federal courts have consistently stated that a motion for reconsideration of a previous order is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources. Id. at 218. In practice, Fed. R. Civ. P. 59(e) motions are typically denied because of the narrow purposes for which they are intended. Id. at 218. Also see Global NAPs, Inc. v. Verizon New Eng., Inc., 489 F.3d at 25 (motions under Rule 59(e) are reviewed for abuse of discretion, reversing only where "the original

judgment evidenced a manifest error of law ... or in certain other narrow situations"). A party moving for Rule 59(e) relief may not repeat arguments previously made. Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir. 2008). Nor may a party use a Rule 59(e) motion to rehash arguments previously rejected or to raise ones that "could, and should, have been made before judgment issued." Soto-Padró v. Public Bldgs. Auth., 2012 U.S. App. LEXIS 5144 at *21, 2012 WL 762968 at *7 (1st Cir. March 12, 2012). It is therefore exceedingly difficult for a litigant to succeed in a Rule 59(e) motion. Also see ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008).

*(B)      Discussion of FirstBank's Legal Arguments in its Motion for Reconsideration*

FirstBank's *Motion for Reconsideration* avers compliance of Section 362(b)(3) of the Bankruptcy Code for the perfection of its mortgage lien and argues that it satisfies all the prongs established in Soto-Rios v. BPPR (In re Rios), 420 B.R. at 68-72, which are:

(1)      whether creditor had a prepetition property interest in the real property;

(2)      an act to perfect, or to maintain or continue the perfection, of an interest in property; and,

(3)      creditor must meet the requirements set forth in Section 546(b)(1) of the Bankruptcy Code, namely; (*i*) that the creditor must act pursuant to the law of general applicability; (*ii*) that law must allow the creditor to perfect an interest in property; and (*iii*) such perfection must be effective against previously acquired rights in the property.

As ruled in the *Opinion & Order* (Docket No. 44, p. 11) and argued in FirstBank's *Motion for Reconsideration* (Docket No. 48, p. 4), there is no controversy as to FirstBank's compliance with the first prong regarding its pre-petition interest in Plaintiff's Real Property[5]. Notwithstanding, the court ruled that FirstBank did not comply with the second prong and consequently did not delve into possible compliance or noncompliance of the third prong. Id. at p. 17. In that regard, FirstBank argues that this court "did not take into account mechanisms included in the Puerto Rico Mortgage Law and Regulations that specifically address filings of deeds which, despite being at a later date than deeds already filed and pending for inscription, may be harmonized with said deeds and

---

[5] The Real Property in controversy is the one described by Debtor in her Schedule A (the "Real Property"): 50% interest over residence located at Bo. Jimenez, Road 967 Km. 7.8, Rio Grande, PR 00745, consisting of 3 bedrooms, 2 bathrooms, living room, dining room & kitchen. It was purchased in 2004 at price of $130,000.00.

4

recorded prior to said deeds in order to establish tract". *Motion for Reconsideration* (Docket No. 48, pp. 5-6).  FirstBank then proceeds to cite Article 69.1 of PR's Mortgage Regulation, which governs the registration of documents filed in undue order at the Property Registry, to propose that the First Bank can correct Deed No. 21 executed on June 14, 1993 to segregate, *inter alia*, Plaintiff's Real Property in question to re-establish tract and perfect its mortgage lien in spite of the fact that Deed #21 was notified with defects ("faltas"), which expired uncorrected on January 31, 2006.  To support that notion, FirstBank cites Feliciano Alvarado v. RG Premier, 463 B.R. 200, for the proposition that "a creditor (such as FirstBank) complied with the first and second requirements under Section 362(b)(3) despite the fact that a prior deed was notified and lapsed". *Motion for Reconsideration,* fn. 1 (Docket No. 48, p. 4).  The court declines to apply FirstBank's interpretation of Feliciano Alvarado to this case because the Feliciano Alvarado court ruled that "the record [in that case] is incomplete and devoid of sufficient evidence to make an appropriate determination of the applicability of Section 362(b)(3)". 463 B.R. at 212.  In its *Opinion & Order* of September 13, 2011, this court specifically found Section 362(b)(2) of the Bankruptcy Code to be inapplicable as the property could not be registered in debtor's name.  Thus, the mortgage could not be registered and constitute a valid lien.

The court also rejects FirstBank's proposed application of Article 69.1 PR's Mortgage Regulation.  Puerto Rico's Mortgage Law ("PR's Mortgage Law") and its Regulation governs the presentation and registration of documents in the Property Registry.  The filing of a document in the Property Registry creates a **preliminary** presentation entry that determines the priority of the reservation made in the daily log of presentations kept by the Property Registry and expires if a mistake is not corrected within sixty (60) days of the notice of defect.  Article 52 of PR's Mortgage Law, 30 L.P.R.A. § 2255.  One of the main principles of the Property Registry is the "principle of legality", which mandates Property Registrars to verify that all documents filed at the Registry be "valid and perfect" because only "valid and perfect" documents have access to the Registry. Nogueras Maldonado v. Registradora, 175 D.P.R. 888, 890 (2009).  When a Property Registrar notifies a defect ("falta") on a filed document before his/her consideration, the interested party only has four alternatives: (a) desist and retrieve the document; (b) move for reconsideration

("recalificación"); (c) consent to the determination of the defect and cure it; or (d) do nothing and let the presentation entry lapse. Id. at 893 citing Luis Rivera Rivera, Derecho Registral Inmobiliario Puertorriqueño, 2nd ed., Jurídica Editores, 2002, p. 309. In the present case, alternative (d) is applicable: the deed upon which FirstBank's mortgage[6] is inextricably intertwined --to wit, Deed # 21 executed before Notary Public Salvador Pérez Mayol on June 14, 1993-- was notified as defective on November 30, 2005 by the Property Registrar and the same expired uncorrected on January 31, 2006. Both are inextricably intertwined because Deed #21 segregated *inter alia* various lots from parcel #1714, including lot #13, which corresponds to Debtor's Real Property. In other words, without Deed #21, Lot #13 does not exist at the Property Registry and neither does FirstBank's mortgage on it because in Puerto Rico mortgages are constitutive in nature, meaning that a mortgage does not constitute a real security lien until it is entered and recorded in the Property Registry. See Article 1774 of Puerto Rico's Civil Code, 31 L.P.R.A. § 5042, Article 188 of the PR Mortgage Law, 30 L.P.R.A. § 2607; In re Las Colinas, 426 F. 2d 1005, 1016 (1st Cir. 1970) ("under Puerto Rican law recording is essential to the validity of a mortgage, one that is not recorded is a nullity"); Rosario Pérez v. Registrador, 15 P.R. Off. Trans. 644, 648 (1984) ("the security of a ... credit does not constitute a real security –mortgage– until it is entered in the [Property] Registry"). Simply put, under Puerto Rico law, FirstBank cannot secure a mortgage lien on an unregistered real property like Plaintiff's Real Property. Said Real Property is unregistered because the presentation entry lapsed when the defects notified on it remained uncorrected within the 60-day limitation provided in Article 69 of the PR Mortgage Law, which mandates that "[i]f the defect is not corrected before the expiration of the sixty (60)-day period, the Registrar shall make a **note of the expiration in the presentation entry** ["**nota de caducidad**"] and at the bottom of the document." 30 L.P.R.A. § 2272 (emphasis added). Also see Infante Robles v. Maeso Hernández, 165 D.P.R. 474, 490 (2005). The "note of expiration in the presentation entry" ("nota de caducidad en el asiento de presentación") "expires" and extinguishes the presentation entry. Derecho Registral Inmobiliario Puertorriqueño,

---

[6] The mortgage deed in question is Deed #197 executed on November 24, 2004 before Notary Public Pedro Rivera Pérez.

*supra*, at p. 326.  An expired/extinguished presentation entry produces no legal effect whatsoever, except that an interested party may pick up the unregistered documents at the Property Registry.  Id. at 326.  Based on the foregoing, and contrary to FirstBank's contention, Article 69.1 of PR's Mortgage Regulation does not operate on an expired/extinguished presentation entry.

Conclusion

In view of the foregoing, FirstBank's *Motion for Reconsideration* is hereby denied.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 8th day of May 2012.

Enrique S. Lamoutte
United States Bankruptcy Judge